NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATHLEEN ANGEL EISENBERG, AKA
Kathleen Angel,

Plaintiff-Appellant,

v.

CITIBANK, NA, as Trustee for American
Home Mortgage Assets Trust 2006-4
Mortgage Backed Pass-Through Certificates
Series 2006-4; et al.,

Defendants-Appellees.

No.    17-56223

D.C. No.
2:13-cv-01814-CAS-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted September 13, 2019[**]
Pasadena, California

Before:  RAWLINSON, OWENS, and BENNETT, Circuit Judges.

Plaintiff-Appellant Kathleen Eisenberg ("Eisenberg") appeals (1) the district

court's grant of Defendants' motion to dismiss two of her fraud allegations, and (2)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the district court's entry of summary judgment for Defendants on Eisenberg's remaining claims.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In July 2006, Eisenberg took out a $2 million loan ("the loan"), secured by a deed of trust, to purchase her multi-million dollar home.  As part of the loan, she signed an adjustable rate rider explaining that the low "teaser" interest rate would only stay in effect through the end of the month, after which it would rise substantially.  In 2011, Eisenberg defaulted on the loan.  In August 2012, she and Defendant Homeward Residential executed a forbearance agreement requiring her to make three forbearance payments, after which Defendants "shall consider the Borrower and Loan for any available and appropriate foreclosure prevention option . . . in accordance with Lender's then current policies and procedures."  Eisenberg made two out of the three forbearance payments, but never tendered the third.  Defendants offered Eisenberg a loan modification, but she rejected the offer.

First, we affirm the district court's dismissal of Eisenberg's rescission and UCL claims because they are time-barred.  Under California law, a four-year statute of limitations governs both the rescission and UCL claims.  Cal. Civ. Proc. Code § 337 (governing rescissions of written contracts); Cal. Bus. & Prof. Code § 17208 (governing UCL claims).  Since both of Eisenberg's claims pertain to allegedly false

---

[1] We refer to Defendants Citibank, Homeward Residential, and Power Default Services, Inc. collectively as "Defendants."

2

or misleading statements made in July 2006 when Eisenberg first took out the loan, the limitations period ran in 2010. Eisenberg did not file her complaint until 2013.

Eisenberg claims that the "delayed discovery rule" should apply because she did not understand the loan documents until she retained an attorney. Under the discovery rule, a statute of limitations does not begin to run until "plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). The limitations period begins when a plaintiff has constructive notice of her injury: "[P]laintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation." *Id.* (quotation marks, alterations, and emphases omitted). Eisenberg had all the necessary information related to her claims when she signed the loan paperwork at the end of July 2006. Even if the court credits her assertion that she did not read or understand the documents, the documents put her on constructive notice. Thus, the discovery rule does not apply, and Eisenberg's rescission and UCL claims are time-barred.

Second, the district court did not abuse its discretion by denying Eisenberg leave to amend her complaint. "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *AE ex rel. Hernandez*

3

*v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

The district court did not initially deny Eisenberg leave to amend. After granting Defendants' motion to dismiss the rescission and UCL claims, the district court gave her twenty days to file an amended complaint. But Eisenberg missed the deadline. District courts may—at their discretion—extend filing deadlines for excusable neglect, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). We have noted that when a district court weighs the equities and declines to allow a late filing, we will be "hard pressed to find any rationale requiring us to reverse." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc). Eisenberg's counsel discovered his mistake just days after the deadline passed, but he took no action for over a month. The district court did not abuse its discretion in finding counsel's neglect inexcusable and denying leave to file the late amended complaint.

Finally, we affirm the district court's decision granting summary judgment on Eisenberg's breach-of-contract claim and the related claim for declaratory relief. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4

Courts make only reasonable inferences, not every conceivable one, so there must be "sufficient probative evidence which would permit a finding in favor of the opposing party based on more than mere speculation, conjecture, or fantasy." *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 681 (9th Cir. 1985).

Eisenberg argues that Defendants breached the forbearance agreement because they did not "consider" her for a loan modification. But Eisenberg concedes that Defendants "reviewed" her for a loan modification and that they, in fact, offered her one. She provided no information from which a jury could conclude that Defendants breached the forbearance agreement or that their offer of a loan modification was not in accordance with their policies and procedures.

Contrary to Eisenberg's assertion, Defendants need not prove a negative. Eisenberg had the burden of showing a genuine dispute of material fact: "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. Eisenberg did not meet her burden.

**AFFIRMED.**